**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KELSEY MORGAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-5197-N |
| | § | |
| **GRANDE COMMUNICATIONS** | § | |
| **NETWORK, LLC,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated June 14, 2013, this case has been referred for pretrial management. Before the Court is *Defendant's Motion to Dismiss for Want of Prosecution*, filed November 1, 2013 (doc. 17). Based on the relevant filings, oral argument, and applicable law, the case should be **DISMISSED with prejudice** for failure to prosecute.

**I. BACKGROUND**

Kelsey Morgan (Plaintiff) filed this employment discrimination lawsuit against Grande Communications Network, LLC (Defendant), on December 20, 2012, alleging violations of the Americans with Disabilities Act; violations of the Texas Commission on Human Rights Act under the Texas Labor Code § 21.055; negligent hiring, supervision, and/or retention; intentional infliction of emotional distress; and wrongful discharge. (*See* doc. 1.)

Defendant served written discovery requests on Plaintiff on February 20, 2013. (*See* docs. 17, 17-1.) On May 10, 2013, Plaintiff's counsel moved to withdraw from representation of Plaintiff on grounds that Plaintiff had wholly failed to respond to communications from counsel and her office regarding the lawsuit, the outstanding discovery requests, or her proposed withdrawal from the case, for more than two months. (*See* doc. 12.) Counsel provided the last known contact

information for Plaintiff, including her email address, but noted that one of Plaintiff's friends had told her that Plaintiff might have moved to an unknown location. (*See* doc. 12-1.) Despite service to her last known address and email, Plaintiff did not respond to the motion, and it was granted on May 24, 2013. (*See* doc. 14.) Defendant's counsel then attempted to correspond directly with Plaintiff, but was likewise unsuccessful despite numerous attempts. (*See* doc. 17.)

Defendant moved to dismiss the action for failure to prosecute on November 1, 2013. (*Id.*) By order dated November 4, 2013, the Court set a deadline for Plaintiff to respond to the motion, ordered her to appear in person at a hearing on November 26, 2013, and to confirm her appearance two days prior to the hearing. (*See* doc. 18.) The mail to Plaintiff containing the order was returned as undeliverable on November 19, 2013. (*See* doc. 19.) The order was then emailed to Plaintiff. She failed to confirm her attendance at the hearing or to appear as ordered, communicate with opposing counsel, respond to discovery, or file anything since her attorney's motion to withdraw.

## II. INVOLUNTARY DISMISSAL

Defendant moves to dismiss this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (*See* doc. 17 at 5.)

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b). . .operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). It is well-established that in the Fifth Circuit, dismissals with prejudice under Rule 41(b) are affirmed "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions

2

that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Additionally, courts have usually found "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (citations omitted); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (5th Cir. 2006).

This case presents a clear record of delay and contumacious conduct. According to the motion to withdraw, Plaintiff stopped communicating with her attorney two months before counsel moved to withdraw from the case on May 13, 2013, and refused to cooperate in providing discovery responses. (*See* docs. 12; 12-1.) She did not respond to the motion to withdraw, and after her counsel withdrew, she refused to respond to any of Defendant's efforts to communicate with her. (Doc. 17 at 2.) Plaintiff failed to respond to the Court's order or to appear for a hearing. She has filed nothing for more than one year, and she still has not answered the discovery requests. This behavior represents contumacious conduct in addition to a "significant period[] of inactivity". *See McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988); *see also Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976), citing *Murrah v. Fire Ins. Exchange*, 480 F.2d 613 (5th Cir. 1973) (delay of 15 months) and *Salmon v. City of Stuart*, 194 F.2d 1004 (5th Cir. 1952) (no action taken for 15 months).

Second, in this case, "lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982) (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). The order for Plaintiff to appear at the hearing and to confirm her attendance explicitly warned that sanctions could be imposed on a party that failed to comply with the order. (*See* doc. 18.) This warning had no effect, and Plaintiff failed to comply with the order. Additional warnings or orders to pay attorneys' fees or a fine would likely not be effective in prompting her

3

participation in this lawsuit.  Because she has provided no discovery at all, exclusion of evidence or witnesses not disclosed, as suggested in *Farmer v. Louisiana Electronic and Financial Crimes Task Force*, 553 Fed. App'x 386, 389 (5th Cir. Jan. 16, 2014), would likely also not be effective. Given Plaintiff's complete failure to participate in this lawsuit thus far, a conditional dismissal such as that suggested in *McNeal*, 842 F.2d at 793, would not appear to prompt action by her.  Moreover, the fourteen-day period for her to object the recommendation of dismissal will afford the same opportunity to avoid dismissal as a conditional dismissal.

Defendant suggests, in the alternative, that Plaintiff's claims be dismissed without prejudice to refiling in thirty days.  This type of dismissal would operate in the same manner as a dismissal with prejudice because she would be barred by the applicable statutes of limitations from bringing her federal employment discrimination claims again.  *See Berry*, 975 F.2d at 1191 (finding that because a Rule 41(b) dismissal without prejudice of an employment discrimination suit did not toll the 90–day limitations period for filing suit, and the plaintiff would be barred by limitations from filing a second suit, the dismissal operated, and would be treated, as a dismissal with prejudice); *see also Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1160 (5th Cir. 1985) (noting that dismissal without prejudice would be futile because limitations period had already run, and that a "dismissal with prejudice was actually the 'lesser sanction' because the defendant's costs were not adjudged against plaintiff").

Third, at least two of the aggravating factors can be found in this case.  The delay has been caused by Plaintiff, who is acting *pro se*.  *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 Fed. App'x. 329, 334 (5th Cir. June 14, 2013) (noting that given her *pro se* status, the plaintiff's conduct was attributable to no one but herself); *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir.

4

2013) (same); *see also Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (same). As for prejudice, Defendant has shown that Plaintiff's continued failure to provide any discovery hampers its ability to defend this case. *See Paskauskiene*, 527 Fed. App'x. at 334 (finding that the defendant faced substantial prejudice in defending itself in the litigation without the ability to take the plaintiff's deposition). As a result, it has been required to move for a stay or extension of pretrial deadlines, and the scheduling order has been vacated. (*See* docs. 22; 23.)

In conclusion, Plaintiff has chosen not to cooperate in discovery or in this lawsuit and has essentially abandoned her case. Dismissal with prejudice is therefore appropriate. *See Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412-13 (5th Cir. June 7, 2006) (affirming dismissal of an employment lawsuit with prejudice because the plaintiff had been uncooperative with the discovery process for about five months and then had completely disappeared after having skillfully prosecuted her case *pro se* up to that point).

### III.  RECOMMENDATION

This case should be dismissed with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

**SO RECOMMENDED on this 30th day of June, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE